**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PATRICK LEWIS,

Plaintiff,

v.

JUNIPER NURSING,
MANAGER TRACY SCARFO, and
JUNIPER COMMUNITIES,

Defendants.

Civil Action No. 23-89

**MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff Patrick Lewis' Motion to Proceed In Forma Pauperis filed on January 18, 2023, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1).

First, as to Plaintiff's IFP Motion, it is within the district court's discretion to determine whether a litigant may be granted leave to proceed in forma pauperis. *See Shahin v. Secretary of Delaware*, 532 F. App'x 123, 123 (3d Cir. 2013) (citing *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (granting of application to proceed IFP is committed to sound discretion of district court)). As the Third Circuit Court of Appeals has emphasized, "[w]hen exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.' " *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). However, the district court also must bear in mind that the purpose of the IFP statute "is to provide an entré, not a barrier, to the indigent seeking relief in federal court." *Id.* (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975)). Although "[a] litigant need not be 'absolutely

destitute' or contribute his or her 'last dollar' in order to qualify for in forma pauperis status," *Johnson v. Rothchild*, 741 F. App's 52, 54 (3d Cir. 2018) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)), it is important to bear in mind that "the status is a privilege rather than a right." *Shahin*, 532 F. App'x at 123 (citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

The Court has reviewed Plaintiff's IFP Motion in light these legal principles and observes that Plaintiff's qualification for in forma pauperis status is a close call. Unlike many litigants who appear before the Court seeking to proceed in forma pauperis, the Plaintiff's IFP Motion reveals that his monthly expenses do not exceed his monthly income,[1] and he has funds in both a checking and savings account, as well as additional assets,[2] that could be used to cover any court costs that may arise during the course of litigation. Nonetheless, considering that Plaintiff need not be "absolutely destitute" or contribute his "last dollar" in order to qualify for in forma pauperis status, the Court will grant his IFP Motion. In so ruling, the Court notes that despite having a positive monthly cash flow and some additional assets, Plaintiff is not an individual of great financial means, particularly considering the cost of everyday living expenses and the possibility that unforeseen expenses could quickly deplete Plaintiff's modest savings and other assets. Accordingly, the Court will grant Plaintiff leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which

---

[1] Plaintiff's IFP Motion indicates that he is currently employed and earns $400 per month. (Docket No. 1 at 1, ¶ 2). He also receives a social security payment of $1,725 per month, a retirement payment of $260 per month, and a pension payment of $320 per month. (*Id.*, ¶ 3). Accordingly, Plaintiff's total monthly income is $2,705, while his listed monthly expenses are $1,175, (*see id.* at 2, ¶ 6), leaving him with a positive monthly cash flow of $1,530.

[2] Plaintiff has $3,200 in a checking account and $6,100 in a savings account, and his other assets include $4,000 in stock, $300 worth of jewelry and a 2006 Cadillac Escalade with an unlisted value. (Docket No. 1 at 2, ¶¶ 4, 5). These assets significantly exceed Plaintiff's only listed financial obligation of $535 in credit card debt. (*Id.*, ¶ 8).

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

Plaintiff's Complaint purports to assert claims against three listed defendants, Juniper Nursing, Tracy Scarfo, and Juniper Communities, for race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (*See* Docket No. 1-1 at 1-4). Plaintiff's Complaint contains few factual allegations, claiming only that he was let go from his job with no verbal or written warnings; that he did everything he was told to do; and that "we seemed to have a good work relationship." (*Id.* at 5). Plaintiff attached to his Complaint the charge of discrimination he filed with the Pennsylvania Human Relations Commission, which alleges that he was discriminated against based on race, but does not assert age discrimination, as well as a notice of right to sue letter issued by the EEOC. (Docket Nos. 1-2; 1-3).

Pursuant to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although cognizant that Plaintiff is proceeding *pro se*, the Court nonetheless notes that his Complaint does not come close to complying with this requirement. As noted, Plaintiff's Complaint lists three defendants, but it fails to specify how these parties allegedly discriminated against him based on his age[3] or his race.[4] To reiterate, Plaintiff's Complaint contains minimal information about why he claims he was discriminated against.

---

[3] To state a claim for age discrimination, a plaintiff must either allege a prima facie case of age discrimination (*i.e.*, (1) he is at least forty years old, (2) he is qualified for the job, (3) he suffered an adverse employment action, and (4) he was replaced by (or passed over in favor of) someone else "who was sufficiently younger so as to support an inference of a discriminatory motive"), or allege enough facts to "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (citations omitted). Plaintiff's Complaint contains no allegations concerning his qualifications for the job, nor does it include allegations that he was subject to an adverse employment action under circumstances that give rise to an inference of age discrimination or otherwise allege enough facts to raise a reasonable expectation that discovery will reveal evidence of same.

[4] In the absence of direct evidence of race discrimination, which Plaintiff does not appear to allege here, a plaintiff may establish a case of race discrimination indirectly using the burden-shifting analysis set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Establishing a prima facie

In sum, as currently pled, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that he is able to state a plausible claim for relief. *See e.g., Duglas v. Kamper,* Civ. No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous [or] malicious . . .") (citing 28 U.S.C. § 1915(e)(2)(B)); *Spell v. Allegheny Cty. Admin.*, Civ. No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [him] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 23rd day of January, 2023, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that he is able to state a plausible claim for relief; and,

---

case of race discrimination, the first step in such analysis, requires a showing that the plaintiff: (1) belongs to a protected class; (2) was qualified for the position at issue; (3) was subject to an adverse employment action despite being qualified; and (4) the action occurred under circumstances that raise an inference of discriminatory action, such as by showing that similarly situated employees who are not members of the same protected class were treated more favorably under similar circumstances. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted). In order to defeat a motion to dismiss, it is sufficient to allege a prima facie case, but it is not necessary. *See Martinez*, 986 F.3d at 266. Thus, a plaintiff's complaint "need only allege enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element." *Id.* (internal quotation marks and citation omitted). Here, Plaintiff does not allege any of the elements of a prima facie case of race discrimination, nor does he allege enough facts to raise a reasonable expectation that discovery would reveal evidence of such elements.

(3) To the extent Plaintiff wishes to file an Amended Complaint, he must do so by February 8, 2023. If Plaintiff fails to file an Amended Complaint by February 8, 2023, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc: Patrick Lewis (via U.S. mail)
1915 Marmaduke Street
Pittsburgh, PA 15212